**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Myron Martin, | Case No. 2:25-cv-02388-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER and REPORT AND RECOMMENDATION** |
| Seth Strickland, et al., | |
| Defendants. | |

Pro se plaintiff Myron Martin brings this lawsuit regarding alleged constitutional violations by the public defenders appointed to represent him in his criminal case. He moves to proceed *in forma pauperis* ("IFP"). ECF No. 1. He submitted an affidavit required by 28 U.S.C. § 1915(a). But he filed the incorrect application. As explained in more detail below, this Court will recommend that this case be dismissed with prejudice. As a result, this Court will deny his motion to proceed IFP as well. Should Plaintiff wish to bring a habeas corpus case (as discussed in this order), he must fill out the proper IFP form in his new case.

This Court now screens his complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.     ANALYSIS**

**A.     Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.    Screening the complaint**

Here, Plaintiff wishes to bring claims against his public defenders. A threshold requirement for proceeding with any 42 U.S.C. § 1983 claim is that the defendant acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is settled law that a court-appointed criminal defense attorney does not act under color of state law. *See Polk v. Dodson*, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); *see also Miranda v. Clark County of Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in representing plaintiff's interests). Thus, Plaintiff cannot state a § 1983 claim against Attorney Ericsson for either a Sixth Amendment or a Fourteenth Amendment violation under § 1983.

In addition, Plaintiff is attempting to bring a 42 U.S.C. § 1983 claim for ineffective assistance of counsel under the Sixth Amendment. This he cannot do. The accused, in all criminal prosecutions, has the right to effective assistance of counsel for his defense. U.S. Const. amend.

VI; *see Strickland v. Washington*, 466 U.S. 668, 686 (1984). But in Nevada, ineffective assistance of counsel claims by persons in state custody must be raised in post-conviction or habeas proceedings. *See Gibbons v. State*, 634 P.2d 1214, 1216 (Nev. 1981). Thus, Plaintiff, a post-conviction inmate in state custody, would need to bring his ineffective assistance of counsel claim either by direct appeal or by habeas petition under 28 U.S.C. § 2254.

**II.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that Plaintiff's complaint pursuant to 42 U.S.C. § 1983 be dismissed with prejudice and without leave to amend.

DATED: February 2, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE